## VERGE HEATLEY v. STATE.

No. A-1388. Opinion Filed June 1, 1912.

(123 Pac. 850.)

**INTOXICATING LIQUORS — Illegal Sale — Evidence.** For testimony which sustains a conviction for unlawfully having possession of intoxicating liquors with intent to sell the same, see opinion.

(Syllabus by the Court.)

*Appeal from Jackson County Court;*
*B. N. Woodson, Judge.*

Verge Heatley was convicted of violating the prohibitory law, and appeals. Affirmed.

*P. K. Morrill,* for appellant.

*Smith C. Matson,* Asst. Atty. Gen., and *J. M. Williams,* Asst. Co. Atty., for the State.

FURMAN, P. J.  The proof in this case was to some extent conflicting; but the cerdibility of the witnesses was exclusively for the trial court.  The sheriff of Jackson county testified that on the 31st day of May, 1911, about 9 o'clock at night, he searched a rooming house, known as the Blue Goose, in Altus, Jackson county, Okla., and he found there some eighteen or twenty bottles of whisky; that he found some of this whisky in a back room downstairs; that in the room where the whisky was found there was also found a number of empty bottles lying around and a barrel of empty bottles, and these empty bottles were whisky bottles and beer bottles; that upon going upstairs and making a further search he found a trapdoor under the carpet; that the carpet had to be rolled back to get to the trapdoor.  Under the trapdoor he found fourteen bottles of whisky.  This witness testified positively that appellant, Verge Heatley, and a young man named Dean were operating the Blue Goose rooming house at this time; that while he was leaving the place he met Heatley, and asked him who was running the Blue Goose, and appellant replied that he was running the place; that appellant was then informed that whisky had been found there, and appellant then changed his statement, and said that he had not yet taken charge of the place.

This testimony tended to prove that the room where the barrel of empty bottles was found was used as the place where sales were made, and under the secret trapdoor upstairs was the place where the supply was concealed.  If appellant had this whisky in his possession lawfully, why the necessity for this concealment?  The fact that he professed to be operating the Blue Goose rooming house until he was informed that whisky had been found there, and that he then attempted to deny it, is also strongly indicative of his guilt.

J. T. Kimbell testified that he had seen appellant at the Blue Goose, and heard him say that the Blue Goose was his; that is, he was running and controlling it.  This witness also testified

that he saw empty bottles and corks scattered around the Blue Goose.

The defendant offered considerable testimony for the purpose of showing he did not own and was not in possession of the Blue Goose.

The case was tried by the court, without the intervention of a jury. The court heard all of this evidence, and was in a much better position to determine the question as to the credibility of the witnesses than are the members of this court.

The judgment of the lower court is therefore, in all things, affirmed.

ARMSTRONG and DOYLE, JJ., concur.